

TO:       PETER BLUM

FROM:     JONATHAN ESKENAS

RE:       FRANK WHITELY, MIKE BELL & JACINTO VASQUEZ
          COLLECTIVE LIFE RIGHTS AGREEMENT

April 30, 2004

Dear Peter:

Per your conversation with ESPN, enclosed please find the above referenced agreement. Please fax signed copies to our office at the number listed below.

I have also enclosed a copy of the previous agreement we sent to Frank Whitely, which has since expired.

Thank you very much.

Sincerely,

Jonathan Eskenas
Director of Development

EXHIBIT B

12304 Santa Monica Boulevard . Suite 115 . Los Angeles . California . 90025  Tel: 310.442.2012  Fax: 310.442.2013



Mr. Frank Whitely
Mr. Mike Bell
& Mr. Jacinto Vasquez
collectively c/o Mr. Peter Blum

April 30, 2004

This letter of agreement is between ORLY ADELSON PRODUCTIONS, INC. ("OAP"), on the one hand, and FRANK WHITELY, Mike Bell, and Jacinto Vasquez (collectively "OWNER"), on the other hand.

OPTION: For good and valuable consideration including, without limitation, OAP's efforts to develop and obtain financing for a motion picture based on the "Rights", as such term is defined below and OAP's payment to OWNER of the sum of Five Thousand Dollars ($5,000) ("Initial Option Payment"), OWNER hereby grants OAP the exclusive, irrevocable option ("Option") to purchase all rights in any and all media in perpetuity throughout the universe in and to OWNER'S life story (the "Rights"), excluding the literary publication rights in and to OWNER'S life story, all of which are reserved hereunder by Owner, for a period commencing upon the date of OWNER'S signature hereof and expiring eighteen (18) months thereafter ("Option Period"). The Initial Option Payment shall be applicable against the "Purchase Price" set forth below.

ADDITIONAL OPTION PERIOD: At OAP's discretion, OAP may extend the Option Period for an additional eighteen (18) month period ("First Extended Option Period") by payment to OWNER of the sum of Two Thousand Five Hundred Dollars ($2,500) ("First Option Extension Payment"), payable on or before the expiration of the Initial Option Period. The First Option Extension Payment shall be applicable against the Purchase Price set forth below

PURCHASE PRICE: If at any time during the Option periods OAP produces a, television movie, miniseries, or feature film based on OWNER'S life story ("Program"), OAP will pay to OWNER the total sum of One Hundred Thousand Dollars ($100,000) (Purchase Price) less any applicable option fees paid as are identified above. The Purchase Price shall be paid to OWNER by OAP on or before commencement of principal photography of the Program and commencement thereof shall constitute exercise of the Option.

If OAP produces a series based on OWNER's life story, the terms shall be negotiated in good faith.

If OAP's development and/or production of the Program hereunder is interrupted or materially interfered with by reason of any governmental law, ordinance, order or regulation, or by reason of fire, flood, earthquake, disability, default or death of any principal cast or crew member, labor dispute, lockout, strike, accident, act of God or public enemy or by reason of any other cause, thing or occurrence of the same or any other nature not within OAP's reasonable control ("Force Majeure"), OAP shall have the right: (I) to terminate the Agreement (whether or not OAP has theretofore suspended the Agreement as hereinafter provided) and OAP shall have no further obligation to OWNER hereunder (except to pay accrued but unpaid amounts to OWNER in the event of Force Majeure), or (II) at OAP's option, to suspend the Agreement for a period equal to the duration of any such failure, refusal, or inability or the occurrence of any events of Force Majeure, and no payments shall be paid or become due to OWNER hereunder for such period. No suspension shall relieve OWNER of his obligation to render services hereunder when and as required by OAP under the terms hereof, except during the continuance of a disability of

OWNER. Unless the Agreement shall have been previously terminated as provided herein above, any such suspension shall end promptly after the cause of such suspension ceases, and all time periods and dates hereunder shall be extended by a period equal to the period of such suspension.

For dramatic purposes only, OWNER agrees that OAP may fictionalize names, places of residence, and any other aspects of OWNER'S story.

OWNER represents that OWNER is free to enter into this agreement. OWNER warrants that OWNER is the sole owner of the rights to OWNER'S life story and has not sold, licensed or conveyed, and will not sell, license or convey, the rights granted hereunder to any third party. OWNER agrees to indemnify and hold OAP harmless from any and all claims arising from a breach of OWNER'S representations or warranties hereunder.

OAP shall have the right to assign this agreement to any third party and the terms and covenants of this agreement shall be binding upon any assignee. This agreement shall be governed by the laws of the State of California.

OWNER agrees that OAP or its representatives are under no obligation to exercise any of the rights granted herein. OWNER agrees that in developing this story, OAP and/or its representatives may need to discuss with OWNER any and all aspects of the story, and OWNER agrees to make a reasonable attempt to make himself available to OAP for such purposes.

This letter agreement supersedes all prior negotiations, understandings and agreements between the parties hereto, and all parties hereto acknowledge and agree that no party shall rely on any representations or promises in connection with this letter agreement or the subject matter hereof not contained herein. It is understood that, upon OAP's request, OWNER and OAP may enter into a more formal agreement consistent with terms and conditions of this agreement, in which event, such agreement shall be subject to those language changes agreed to in writing following good faith negotiations between the parties, provided, unless and until such formal agreement is executed, this letter agreement shall be binding between the parties and cannot be cancelled, altered, modified, amended or waived, in part or in full, in any way except by a written instrument signed by the parties hereto.

If these terms meet with the understanding and approval of all parties involved, please sign and return this agreement to OAP at 12304 Santa Monica Boulevard, Suite 115, West Los Angeles, CA 90025. If this agreement is not signed and returned to OAP by the end of the day on Monday, May 3, 2004.

Agreed:

Signature_____ DATE_____   Signature_____ DATE_____
        (Frank Whitely)                                Orly Adelson
Social Security #:                                     Orly Adelson Productions


Signature_____ DATE_____
        (Mike Bell)
Social Security #:


Signature_____ DATE_____
        (Jacinto Vasquez)
Social Security #: